■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PAUL TORRES, Appellant. [787 NYS2d 237]—

Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered November 28, 2001, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The People made a sufficiently particularized showing of an overriding interest justifying closure of the courtroom to all but defendant's family during the undercover officers' trial testimony. The People established that the undercover officers remained active in, and expected to return to, the specific area of defendant's arrest in an undercover capacity, that they had open cases and unapprehended suspects at large, and that they took precautions when testifying (*see People v Ramos*, 90 NY2d 490, 498-499 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). Furthermore, defendant did not propose any alternatives to the limited closure ordered by the court. Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Sweeny, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MORALES, Appellant. [785 NYS2d 916]—Judgment, Supreme Court, New York County (Renee A. White, J., at suppression hearing; Edwin Torres, J., at plea and sentence), rendered January 8, 2003, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant raises arguments that this Court rejected on defendant's prior appeal (292 AD2d 253 [2002]), and we see no reason to depart from our prior decision. Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Sweeny, JJ.